UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cr-00206 |
| | ) | |
| EDWARD LEE RAIBURN, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

**INTRODUCTION**

Raiburn is a predator. He repeatedly sexually abused a 12-year old child. When caregivers moved the child several states away from him, Raiburn did not relent. He pursued the child. He traveled to Iowa multiple times with the intent to have illicit sexual conduct with the child. He smuggled a cell phone to the child in Iowa, which Raiburn then used to continue his sexual exploitation of the child. He repeatedly persuaded the child to produce pornography of herself and send it to him. Raiburn's conduct is exceptionally serious. It was repeated and did indefinable damage to a vulnerable child. The Court should sentence him to 360 months in prison.

**SENTENCING CALCULATION & OBJECTIONS**

**A.   Guidelines Calculation**

There are no material factual disputes relating to the PSR. The government agrees with the guidelines calculation set out in the PSR: total offense level 40 with a criminal history category I, 292 – 360 months. Defendant contends that two

separate two-level specific offense characteristics do not apply; he contends this case presents with a total offense level of 36, 188 – 235 months. A mandatory minimum of 180 months and statutory maximum of 360 months applies.

> **B.** **The two-level enhancement under USSG § 2G2.1(b)(6)(B)(ii) applies.**

USSG §2G2.1(b)(6)(B)(ii) requires a two-level enhancement "[i]f, for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved . . . the use of a computer or interactive computer service to . . . solicit participation with a minor in sexually explicit conduct." This enhancement plainly applies. In August 2019, defendant repeatedly used his a Motorola Moto E5 Play smartphone[1] to communicate with Child Victim #1 and to solicit that child to take selfies of herself engaged in sexually explicit conduct. The defendant used his phone to solicit and receive those photos from the child. Additionally, with the aid of his smartphone, the defendant solicited the child to engage in other sexual activity and lascivious displays of her genitals while the defendant observed, including soliciting the child to "FaceTime" or livestream herself in the nude and while showering. Raiburn is participating with the victim in sexually explicit conduct in a 21st century fashion—remotely via technology.

Defendant's objections attempt to add a requirement into this enhancement that the defendant and the child victim participate in sexual activity in each other's

---

[1] Defendant's phone is a "smartphone". Yet even a bare bones, basic cellular phone with capabilities limited to text and voice calling is a "computer" for purposes of this enhancement. See, e.g. *United States v. Kramer*, 631 F.3d 900 (8th Cir. 2011); USSG §2G2.1, comment. (n.1).

2

presence. (Deft. Obj. ¶6.) Such a requirement does not exist. There is simply no requirement that the defendant and the minor victim be in the "same place" or "in each other's presence" when the solicitation to engage in sexual activity occurred. The defendant does not point to any authority that such a requirement should be added to this unambiguous guidelines provision. Indeed, these days many production of child pornography offenses occur via computer where the defendant solicits the child to make and send sexually explicit selfies of the child to the perpetrator—all while the participants are in different locations.

### C. The two-level enhancement under USSG § 2G2.1(b)(2)(A) applies because the offense involved the commission of a sexual act or sexual contact.

USSG §2G2.1(b)(2)(A) requires a two-level enhancement "[i]f the offense involved the commission of a sexual act or sexual contact." This enhancement applies under two different and wholly independent lines of reasoning, either of which this Court can rely to apply the enhancement.

The terms "sexual act" and "sexual contact" are defined in 18 U.S.C. § 2246. USSG §2G2.1, comment. (n.1).

#### 1. Defendant had in-person sexual acts and sexual contact with Child Victim #1 as part of the relevant conduct of the offense.

"Offense" is not limited to the "offense of conviction"—here production of child pornography. Instead, it "means the offense of conviction and all relevant conduct under §1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." USSG §1B1.1, comment. (n.1(I)). Here there is

3

no different meaning.  As applicable to this case, the guidelines define "relevant conduct" as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  USSG §1B1.3(a).  Relevant conduct is an expansive concept.  "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."  USSG §1B1.3, comment. (backg'd.); see, e.g., *United States v. Burman*, 666 F.3d 1113, 1119 (8th Cir. 2012) (the broad concept of "relevant conduct" can include activities that occurred long before the date specified by the indictment as the starting date of the offense.)

The defendant had in-person sexual contact with Child Victim #1 repeatedly in June and July 2019 in Oklahoma prior to the victim moving to Iowa.  (PSR ¶¶ 44-45; 54-55; Sealed Government Exhibit (GX) 1.)  That in-person sexual activity was at most only a couple of weeks before defendant began producing child pornography of Child Victim #1.  Furthermore, the in-person sexual activity represents repeated acts committed by the defendant in preparation for the production acts.  The in-person activity groomed the victim, laid the groundwork for defendant to continue to exploit the victim at a distance, and otherwise facilitated defendant's production of child pornography and other charged conduct.

### 2. Even if the in-person acts are not relevant conduct, Raiburn's conduct over cellular device involved the commission of "sexual contact".

The term "sexual contact" means "the <u>intentional touching</u>, either directly or through the clothing, <u>of the genitalia</u>, anus, groin, breast, inner thigh, or buttocks <u>of any person</u> <u>with an intent to</u> abuse, humiliate, harass, degrade, or <u>arouse or gratify</u> the <u>sexual desire of any person</u>."  18 U.S.C. §2246(3) (emphasis added).

Even absent the sexual contact between Raiburn and Child Victim #1 in Oklahoma, Raiburn's offense still involved the commission of sexual contact.  For example, as charged in Count 2, Raiburn's production of child pornography of Child Victim #1 on August 15 involved the commission of sexual contact because Raiburn specifically directed the child to digitally self-penetrate in order for the child to take a picture and send it to Raiburn.  (See, e.g. PSR ¶ 24(i-ii)).  This is intentional touching of any person[2].  And Raiburn did so with an intent to arouse or gratify Raiburn's sexual desire as well as the child's.  (PSR ¶ 24(i); Raiburn asked for this specific self-penetrating photo because he wanted to see "what [he is] missing out on" and Raiburn responded to the explicit photo of the victim with a photo of his own erect penis.)   Raiburn is "any person"; Child Victim #1 is "any person."  During this same text thread with the child victim, Raiburn says that he is

---

[2] It is notable that the definition of "sexual contact" in §2246(3) repeatedly uses the term "any person" whereas the definition of "sexual act" in §2246(2) instead uses the term "another person" or "of another [person]".  The Court must presume Congress chose these distinctive words for a reason. "Another person" requires at least two different people be involved in the physical act.  "Any person" does not require a second individual be present for the physical act.  See *United States v. Shafer*, 573 F.3d 267 (6th Cir. 2009).

masturbating and encourages the victim to do so as well.  This is intentional touching of the genitalia of any person with an intent to arouse or gratify the sexual desires of any person.  Similarly, Raiburn's production of child pornography of Child Victim #1 on August 12 (Count 1) involved the commission of sexual contact because Raiburn specifically directed the child to take a picture of her genitals and send it to Raiburn.  Although the evidence does not indicate the child touched herself in this instance, Raiburn immediately masturbated in response to the picture of the victim's genitals.  (See, e.g. PSR ¶ 22(iii)).  This is intentional touching of any person's genitals (Raiburn's) with the intent to gratify or arouse.  And this act was part of the offense as it occurred in concert with the production.

In short, this enhancement does not require that Raiburn and the victim touch each other in-person.  Touching of oneself suffices.

Indeed, beyond the black letter of the guideline and statutory definitions, several circuits agree that touching oneself can constitute "sexual contact".  Albeit in the Sixth Circuit, *United States v. Shafer* is directly on point and factually similar to the facts presented here.  573 F.3d 267 (6th Cir. 2009).  This Court should follow *Shafer* and the other cases cited below.  The undersigned is unaware of contrary Eighth Circuit precedent.  This appears to be an issue of first impression in this Circuit.  In *Shafer*, the defendant caused a minor boy to masturbate and the defendant produced depictions of it.  Shafer objected to the two-level enhancement under §2G2.1(b)(2)(A).  Shafer argued that "sexual contact" required one individual to touch another individual and that the term did not encompass self-masturbation.

6

The *Shafer* court disagreed and concluded that self-masturbation constituted "sexual contact" for purposes of the enhancement. The court noted that "nothing in §2246(3) supports a holding that more than one person must be involved for 'sexual contact' to occur" and that "self-masturbation falls squarely within the language of §2246(3)." 573 F.3d at 273. "[A]s this case illustrates, prohibited sexual contact under §2246(3) includes instances where the defendant does not actually touch the victim, but rather causes the victim to touch himself or herself in a sexual manner." Furthermore, the *Shafer* court stated that the "intent" [to arouse or gratify] requirement referred to the defendant's intent regardless of whether the victim or the defendant was doing the touching of the genitalia. *Id.* at 277-78. At minimum, Raiburn caused Child Victim #1 to digitally penetrate herself in a sexual manner with an intent to arouse Raiburn.

Other circuits have reached the same conclusion as the *Shafer* court. In *United States v. Pawlowski* the Third Circuit determined that the identically worded enhancement under §2G1.3(b) applied based upon a defendant transmitting images of the defendant masturbating to an undercover cop posing as a minor female. 682 F.3d 205 (3d 2012). That was "sexual contact"; "[i]ndeed, the language of the statute is unambiguous: it is clear that "of any other person" includes a defendant himself and does not require the touching of the victim." *Id.* at 212. Raiburn sending pictures of himself masturbating to the child victim upon receiving explicit pictures of the child—even without other sexual contact instances—would also suffice to support this two-level enhancement. (See PSR ¶ 22(iii) (on August 12

7

defendant says he has his "hands full" and then sends child pictures of a hand covered in semen)). Of course, Raiburn undeniably intentionally touched his own genitals with an intent to arouse or gratify his own sexual desires on numerous other occasions during his sexually explicit chatting and text exchanges with Child Victim #1 in August 2019. (See, e.g., PSR ¶ 23(ii) (on August13 defendant solicits a video chat while child showers and states "you got me hard as hell"); PSR ¶ 24 (i-ii) (on August 15 defendant solicits pictures of the child's genitals and upon receipt states "You just made me super hard!!!" and follows with clear statements that he is masturbating as well as encouraging the child to masturbate.))

The Eleventh Circuit has also concluded "that the plain meaning of 'sexual contact' under U.S.S.G. §2G2.1(b)(2)(A) and 18 U.S.C. §2246(3) includes the act of masturbating." *United States v. Aldrich*, 566 F.3d 976, 979 (11th Cir. 2009). "The statute's operative phrase 'any person' applies to all persons, including [defendant Aldrich] himself." *Id.* The court applied the two-level enhancement based upon a finding that Aldrich's masturbating for a minor female (in reality a cop) in front of his web camera constituted a "sexual contact."

The Second Circuit applied the two-level enhancement based on a defendant sending pictures of himself masturbating because "sexual contact" requires "only that the image depict the touching of *any* person." *United States v. Dean*, 591 Fed.Appx. 11, *15 (2d Cir. 2014)(Non-precedential summary order)(internal quotations omitted). The images of the defendant "unambiguously qualifies" as sexual contact. *Id.*

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 360 MONTHS**

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).   The government will ask the district court to sentence the Defendant based upon an advisory range of 292-360 months.  The government recommends 360 months.

The offenses committed by Raiburn are of the most serious kind.  He first preyed on the then 12-year old victim in Oklahoma.  He knew her age and that she was particularly vulnerable in light of her difficult circumstances.  Yet he initiated sex with her repeatedly in June and July of 2019.  This alone is horrifying conduct.

But nothing would stop Raiburn from continuing his illegal, twisted, and exploitive relationship with Child Victim #1.  In late July 2019, Oklahoma Child Protective Services began to investigate whether Raiburn was having an

9

inappropriate relationship with the child. CPS interviewed numerous people including Raiburn. He denied it. (PSR ¶ 47.) In late July, Child Victim #1 was moved to Iowa by her parents to get her away from Raiburn. Raiburn was undeterred. In August Raiburn traveled to Iowa on at least two occasions with a motivating purpose to engage in illicit sexual conduct with this child. That the government does not have evidence of sexual acts occurring during Raiburn's visits to Iowa provides no comfort. Raiburn's own texts made crystal clear his intentions were to have sex, as does the victim's statement. In August he smuggled the child a cell phone for the purpose of enabling him to communicate with her without her parents knowing. Raiburn proceeded to repeatedly solicit images of the child engaging in sexually explicit conduct, to send the child grossly obscene images of himself, and to solicit live-stream videos of the child in the nude. The frequency and disturbing details of this conduct is summarized in the offense conduct.

On August 31, 2019, Des Moines police found Raiburn and Child Victim #1 together in his vehicle. Confronted by authorities a second time within weeks, defendant lied, again. Even worse, he directed a scared child to lie to the police, her mother, and to hide the evidence of their communications. (PSR ¶36.) He did all of the above while helping figure out how the child could run away. (PSR ¶¶ 26, 36.) Even after the Des Moines police seemingly scuttled their plans, Raiburn responded to the child "I will see but yes most likely" in response to the child's inquiry about the existing plan for her to run away. The defendant's deception and unwillingness to halt his conduct, despite repeated interruptions by authorities, is troubling.

The sentence must adequately deter Raiburn and protect the victim. Raiburn himself told the victim on August 10 ". . . the only way they are going to keep me away from you is by locking me up. Other then (sp.) that I will always find my way to you. No matter how far it is." (PSR ¶ 37.) In this isolated instance, Raiburn's words ring true. Interruption by authorities did not stop him previously. Hundreds of miles between did not stop him. He told the victim on August 20 that he would be looking at "30 years" in prison if police found out about what he was doing. (PSR ¶ 41.) Yet, even that daunting prospect did not deter Raiburn from continuing his illegal conduct.

Raiburn is a danger to this victim. The damage he has caused her and her family is immeasurable. A sentence of 30 years is necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public and this child from his further crimes.

## CONCLUSION

This Court should sentence the Defendant to 360 months.

    Respectfully submitted,

    Marc Krickbaum
    United States Attorney

By:  */s/ Adam J. Kerndt*
    Adam J. Kerndt
    Assistant United States Attorney
    U.S. Courthouse Annex
    110 East Court Avenue, Suite 286
    Des Moines, IA 50309

                                                          Tel: (515) 473-9300
                                                          Fax: (515) 473-9292
                                                          Email:  Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail   _____ Fax   \_\_\_\_\_Hand Delivery

\_X\_\_ECF/Electronic filing   \_\_\_\_Other means

UNITED STATES ATTORNEY

By: /s/ Adam J. Kerndt_____
      Assistant U.S. Attorney