```
 1                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF IOWA
 2                      CENTRAL DIVISION

 3  _____
                             )
    UNITED STATES OF AMERICA, )
 4                           )     CASE NO. 4:19-cr-206
            Plaintiff,       )
 5                           )
        vs.                  )     TRANSCRIPT OF
 6                           )     PLEA PROCEEDINGS
    EDWARD LEE RAIBURN,       )
 7                           )
            Defendant.       )
 8  _____

 9                           COURTROOM 455, FOURTH FLOOR
                             U.S. COURTHOUSE
10                           123 East Walnut Street
                             Des Moines, Iowa 50309
11                           Tuesday, June 16, 2020
                             9:39 a.m.
12

13  BEFORE:  THE HONORABLE ROSS A. WALTERS, MAGISTRATE JUDGE

14

15  APPEARANCES:

16  For the Plaintiff:       ADAM KERNDT
                             United States Attorney's Office
17                           U.S. Courthouse Annex
                             110 East Court Avenue, Suite 286
18                           Des Moines, IA 50309

19
    For the Defendant:       ANDREW GRAEVE
20                           Federal Public Defender's Office
                             400 Locust Street, Suite 340
21                           Des Moines, IA 50309

22

23
                    Chelsey Wheeler, CSR, RPR, FCRR
24                     United States Courthouse
                       123 East Walnut Street
25                      Des Moines, IA 50309
```

P R O C E E D I N G S

(In open court with the defendant present via videoconference.)

THE COURT:  Please be seated, everybody, and good morning to you all.  Give me a moment to get sorted out here.

This is the United States versus Edward Lee Raiburn. It's Criminal No. 19-cr-206.

It's my understanding, Mr. Graeve, that today your client proposes to withdraw his plea of not guilty to Count 2 of the indictment against him, and he proposes to enter a plea of guilty to that count to the terms of a plea agreement which would provide that at the time of sentencing, if everything goes through, then the other charges against him would be dismissed.

Is that all accurate?

MR. GRAEVE:  That is correct, Your Honor.

THE COURT:  Thank you very much.

A couple of preliminary matters.  We are proceeding here today using a videoconference setup.  The Court, the clerk staff, court reporter, and counsel are at the United States Courthouse in Des Moines.  The defendant is at the Polk County Jail, and we are connected with the defendant by videoconference setup.

Let me visit with Mr. Raiburn for just a moment. Mr. Raiburn, I can see you in jail.  Can you see me?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And have you heard everything I've said

3     thus far?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Now, as we go through here today, it's

6     important that you do understand everything that's being said,

7     understand all my questions and the information I give you.

8          If at any time the system malfunctions, if for some

9     reason it goes mute, if you're having any difficulty at all

10    understanding what is being said and hearing what is being

11    said, would you hold up your hand and please let us know that.

12         Will you do that for us?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Thank you.

15         Now, you have signed a waiver of personal appearance

16    and videoconference plea hearing by which you have agreed that

17    we can proceed to take a plea of guilty from you here today

18    using this videoconference setup.

19         Well, actually, I'm not sure that he has signed it

20    yet.

21         THE DEFENDANT:  I have signed it now.

22         THE COURT:  You have signed -- you know what I'm

23    talking about?  It's called "Waiver of Personal Appearance --

24         THE DEFENDANT:  This here.

25         THE COURT:  -- and to Videoconference Plea Hearing."

1  You're holding it right there.

2      Did you read that before you signed it?

3      THE DEFENDANT:  Yes.  Yes.

4      THE COURT:  And you understood everything that you

5  read?

6      THE DEFENDANT:  Yes.  It's about iWeb stuff, yes.

7      THE COURT:  Okay.  Are you agreeable to proceeding

8  here today using this videoconference setup?

9      THE DEFENDANT:  Yes.

10     THE COURT:  Counsel, I don't know if it's in this

11 waiver or not, but I will ask you on the record at this time:

12 Can you advise me if the Government and the defendant stipulate

13 to conducting this plea hearing by videoconference?

14     Gentlemen, do you stipulate to that?

15     MR. KERNDT:  The Government so stipulates.

16     MR. GRAEVE:  And, yes, Your Honor, on behalf of the

17 defense.

18     THE COURT:  Thank you.

19     And you also stipulate that the plea hearing could not

20 be further delayed without serious harm to the interest of

21 justice?

22     MR. KERNDT:  Yes.

23     MR. GRAEVE:  Yes.

24     THE COURT:  Thank you.

25     And is there any question about the reliability of the

1  videoconference setup here today?

2          MR. KERNDT:  No, Your Honor.

3          MR. GRAEVE:  No, Your Honor.

4          THE COURT:  We'll go ahead, then, and I'll accept that

5  waiver of your personal appearance, Mr. Raiburn, and the

6  consent to the videoconference plea hearing.

7          Now, the next item is -- preliminary item before we go

8  any further is I am what's called a United States Magistrate

9  Judge.  I can take your plea of guilty here today; however,

10  only with your consent and the consent of the Government, and

11  neither side has to consent if you don't want to because both

12  you and the Government do have the right to have your plea of

13  guilty taken by a district judge, a different kind of judge

14  than myself.

15          If you agree to have me take your plea of guilty,

16  here's what's going to happen.  You and I are going to have a

17  discussion.  At the conclusion of that discussion, I'll make a

18  recommendation to the assigned district judge as to whether

19  your plea should be accepted.

20          Assuming I make that recommendation and assuming it's

21  approved of by the district judge, you'll appear later at a

22  sentencing proceeding presided over by the district judge, so

23  I'm not going to be the judge who sentences you.

24          Do you understand that?

25          THE DEFENDANT:  Yes.

1          THE COURT:  Now, I believe you've signed another form,

2     and perhaps you have it here.  I'll hold it up so you can see

3     it.  But it says, "Notice Regarding Entry of a Plea of Guilty."

4     Did you sign that form also?

5          THE DEFENDANT:  Yes.  I sure did.  Correct.

6          THE COURT:  All right.  And did you read it over

7     before you signed it?

8          THE DEFENDANT:  Yes.  I understand it.  Correct.

9          THE COURT:  Thank you.

10          And did you discuss it with your lawyer, Mr. Graeve?

11          MR. GRAEVE:  Your Honor, I don't think we had an

12     opportunity to discuss that form, but the intent of that form

13     is so that we can proceed before a magistrate judge under the

14     local rules and the Federal Rules of Criminal Procedure, and it

15     would be my advice for him to sign that form so we can proceed

16     today.

17          THE COURT:  You have signed that form; is that

18     correct, sir?

19          THE DEFENDANT:  Yes.  I just did, yes.

20          THE COURT:  Thank you.

21          Understanding your right to withhold your consent,

22     would you like me, as a magistrate judge, to go ahead and take

23     a plea of guilty from you here today?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  I'll do so.

1          Would you please hold up your right hand, and the

2    clerk is going to administer an oath to you.

3          (The defendant was sworn.)

4          THE COURT:  Mr. Raiburn, you just took an oath in

5    which you promised to tell me the truth in answer to some

6    questions I'm going to be asking you.  It's very important that

7    you tell me the truth because if you do not, if you were to lie

8    to me, you could be prosecuted for the crimes of making a false

9    statement or perjury, and any statements you make here this

10   morning in our plea proceeding could be used against you in a

11   prosecution for those crimes.

12         Do you think that you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  I'll repeat what I told you previously

15   because it is very important.  It is important that you

16   understand all of the questions I ask you, all the information

17   I give to you.

18         If at any time you don't understand something that I

19   say or would like me to explain it a little better, please let

20   me know that, and I'll back up and explain things so that I'm

21   certain that you and I are communicating.

22         Will you let me know if you're having any difficulty?

23         THE DEFENDANT:  Yes.  I'll raise my hand if I do.

24         THE COURT:  Thank you.  Thank you.  That would be

25   perfect.  And it is okay to ask questions if you have any

questions.

Now, your attorney is here today in open court with me, Mr. Graeve. He's here to assist you. At any time during our discussion, you have the right to call a time-out to talk to your lawyer if there's something you want to visit with him about. Again, just hold up your hand, let me know that, and I'll stop, and I'll give you whatever time you need to speak with your lawyer.

Understood?

THE DEFENDANT: Yes.

THE COURT: Thank you.

Now, you are charged in a seven-count indictment with a number of crimes. Count 2, production of child pornography, is the crime I'm told you wish to plead guilty to here today.

But I want to remind you, sir, that you have entered pleas of not guilty to all of the charges against you. You do have the right to persist in pleading not guilty and to insist that your guilt or innocence be determined only by a trial by jury at which the Government would have to prove that you're guilty beyond a reasonable doubt in order to convict you.

Do you understand, sir, that you don't have to plead guilty here today if you do not want to and you may insist on proceeding with a jury trial?

Understood?

THE DEFENDANT: Yes.

1          THE COURT:  Thank you.

2          Mr. Raiburn, I need to get some background information

3  from you.  For the record, would you please give me your full

4  complete legal name.

5          THE DEFENDANT:  Yes.  Edward Lee Raiburn.

6          THE COURT:  Thank you.  How old are you?

7          THE DEFENDANT:  I'm 37.

8          THE COURT:  How far did you go in school?

9          THE DEFENDANT:  I'll be 38 --

10          THE COURT:  Go ahead.  I'm sorry.

11          THE DEFENDANT:  I'll be 38 next month.

12          THE COURT:  Thank you.

13          THE DEFENDANT:  I got my GED when I was in tenth

14  grade.

15          THE COURT:  Thank you.

16          And you answered my next question.  Do you have any

17  education beyond your GED?

18          THE DEFENDANT:  Just vocational schools for, like,

19  auto mechanics and things like that, but, no, no college,

20  though.  No, sir.

21          THE COURT:  Thank you.

22          I'm required to ask you:  Are you a United States

23  citizen?

24          THE DEFENDANT:  Yes, I am.

25          THE COURT:  Thank you.

1          I'm also required to ask you:  Are you able to read,

2     write, speak, and understand the English language?

3          THE DEFENDANT:  Yes.  Yes, I am.

4          THE COURT:  Thank you.

5          Do you have any problems reading things?

6          THE DEFENDANT:  No.

7          THE COURT:  Thank you.

8          Has anybody ever told you that you suffer from any

9     kind of mental illness or mental health condition?  For

10    example, depression is something that's fairly common.

11    Anything like that in your background?

12         THE DEFENDANT:  No.  I've never been diagnosed with

13    anything like that.

14         THE COURT:  All right.  Never taken any medications

15    for anything like that?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Have you ever been evaluated to see if you

18    have any sort of mental health condition?

19         THE DEFENDANT:  No, sir.

20         THE COURT:  Thank you.

21         Have you consumed any alcohol or taken any drugs or

22    medication in the past 24 hours, whether legal or illegal?

23         THE DEFENDANT:  No, sir.

24         THE COURT:  More specific question:  Have you taken

25    any prescription or nonprescription drugs in the past 24 hours?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  And just one more question along these

3   lines, slightly different:  Has a doctor prescribed medication

4   for you which, for some reason, you have decided not to take?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  As you sit here today, do you think you

7   have any physical or mental condition that might affect your

8   ability to understand these proceedings and to make an

9   important decision?

10         THE DEFENDANT:  No, sir.

11         THE COURT:  Thank you.

12         I want to remind you that you have the right to the

13  assistance of an attorney, a lawyer, throughout everything

14  having to do with this case, before trial, during trial, and

15  after trial in connection with any appeal that might be

16  necessary.  And if you cannot afford the cost of an attorney,

17  one would be appointed for you at no charge to you by the

18  Court.  And, in fact, the Court has appointed Mr. Graeve from

19  the federal defender's office to represent you in this case.

20         But it's important that you understand that you have

21  the right to an attorney at no expense to you, appointed

22  counsel, all the way through this process up to and including

23  any appeal.

24         Do you understand your right to be represented by a

25  lawyer?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Thank you.

3          Have you been satisfied with the representation that

4    Mr. Graeve has provided to you?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Now, you are charged in the indictment

7    with -- and bear with me for a moment -- four counts of

8    production of child pornography, one count of attempted

9    enticement of a minor, and interstate travel with intent to

10   engage in a sexual act with a minor, and another count of

11   interstate travel with intent to engage in a sexual act with a

12   minor.  Those are the charges against you.

13         Now, the charge I'm told that you're going to plead

14   guilty to is in Count 2 of the indictment, which charges you

15   with production of child pornography.

16         Let me explain to you what it is the Government would

17   have to prove beyond a reasonable doubt to convict you of that

18   crime if you went ahead and had a trial by jury.

19         At a trial by jury, the Government would have to prove

20   each and all of the following things beyond a reasonable doubt:

21   First, that at the time alleged in the indictment -- and that

22   time is on or about August 15, 2019 -- a person identified in

23   the indictment as Child Victim No. 1 was under the age of 18

24   years.

25         Second, the Government would have to prove that you

knowingly employed, used, persuaded, induced, enticed or
coerced Child Victim No. 1 to engage in sexually explicit
conduct.  "Sexually explicit conduct" has a particular meaning
under the law, and it includes various kinds of sexual conduct,
including the lascivious exhibition of the genitals or pubic
area of any person where the focal point of the image is on the
genitals of that person.

          Thirdly, the Government would have to prove beyond a
reasonable doubt that you acted with the purpose of producing a
visual depiction of sexually explicit conduct.

          And, fourth, the Government would have to prove that
the visual depiction was actually transmitted using a means and
facility of interstate commence, or the visual depiction was
purchased using materials that had been mailed, shipped, or
transported across state lines or in foreign commerce by any
means.

          Now, those are the things, the four elements, the
Government would have to prove beyond a reasonable doubt to
convict you of the crime of production of child pornography as
set forth in Count 2 of the indictment.

          Do you think you understand what the Government would
have to prove in order to convict you of the crime you're going
to plead guilty to?

          THE DEFENDANT:  Yes.

          THE COURT:  Thank you.

Let me ask the Government. Mr. Kerndt, did the Court accurately describe the elements of the offense?

MR. KERNDT: Yes, you did, Your Honor.

THE COURT: Thank you.

Now, Mr. Raiburn, have you fully gone over this case with your attorney, Mr. Graeve?

THE DEFENDANT: Yes.

THE COURT: Do you think you understand the evidence against you in this case and the basis for the charge against you in Count 2?

THE DEFENDANT: Yes.

THE COURT: Mr. Graeve, based upon your interactions with your client, do you believe he understands the nature of the charges against him and specifically what it is the Government would have to prove in order to convict him of Count 2?

MR. GRAEVE: Yes, Your Honor.

THE COURT: Thank you very much.

Mr. Raiburn, by pleading guilty to a crime, you give up certain very important rights that you have under the United States Constitution. I'm now going to explain to you the rights that you give up by pleading guilty.

Now, most of these rights have to do with your right to have a trial by jury of the charges against you. Once the Court accepts a plea of guilty from you, you will give up your

1    one and only opportunity for a jury trial.

2            Do you think that you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  As a defendant in a criminal case, you are

5    entitled to what is called a speedy public jury trial.  That

6    means a panel of prospective jurors drawn generally here from

7    south central Iowa would be summoned into court to be potential

8    jurors in your case.

9            And, once here, you and your attorney would take part

10   in selection of 12 of those persons who would be the trial

11   jurors who would decide your case.  Those jurors would have to

12   promise under oath to fairly and justly decide your case.

13           The jurors would be told by the judge that you are

14   presumed innocent and not guilty and that to find you guilty,

15   the jurors must unanimously -- that means all 12 of them --

16   would have to agree that you are guilty beyond a reasonable

17   doubt.

18           But if the Court accepts a plea of guilty from you,

19   you give up the right to a speedy public jury trial and to the

20   presumption of innocence.

21           Do you think that you understand that?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Thank you.

24           Also, at a trial by jury, you would have the right to

25   confront the witnesses against you.  That means they would have

to testify under oath and in your presence.  You would have an

opportunity to see and hear them, and, through your attorney,

you would have a chance to cross-examine -- that means to

question -- the witnesses against you.

But if the Court accepts a plea of guilty from you,

you give up the right to confront the witnesses against you.

Do you think you also understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Thank you.

Now, at a jury trial, you don't have to put on any

defense.  You don't have to prove anything.  It is the

Government that must prove you guilty beyond a reasonable

doubt.

But if you wanted to, at a trial by jury, you would

have the right and the opportunity to present witnesses and

evidence in your own defense.  And at your request the Court

would issue subpoenas -- those are court orders -- to compel

witnesses to appear and testify for you.  Now, that's called

your right to compulsory process, and if you could not afford

the cost of the subpoenas, the Government would be required to

pay for them.

But if the Court accepts a plea of guilty from you,

you give up the right to put on a defense to the charge to

which you plead guilty.

Do you think you understand that?

1        THE DEFENDANT:  Yes.

2        THE COURT:  As a defendant in a criminal case, you

3 have the right not to incriminate yourself.  That means you

4 would not have to testify at a trial by jury if you did not

5 want to, and if you chose not to testify, the prosecutor could

6 not comment on that fact.  And if you asked the judge to do so,

7 the judge would tell the jury they could not hold the fact you

8 did not testify against you.

9        But, if you wanted to, at a trial by jury, you would

10 have the right and the opportunity to testify in your own

11 defense.  But if the Court accepts a plea of guilty from you,

12 you give up the right to testify in your own defense at a jury

13 trial.

14        Do you understand that?

15        THE DEFENDANT:  Yes, I do.

16        THE COURT:  Also, by pleading guilty, you give up the

17 right not to incriminate yourself because that's just what you

18 do when you plead guilty, you incriminate yourself by admitting

19 your guilt.

20        Do you understand that?

21        THE DEFENDANT:  Yes.

22        THE COURT:  Now, if you were found guilty by the jury,

23 you would have the right to appeal the verdict, sentence, and

24 judgment of the Court to the Court of Appeals.  And, as I told

25 you previously, if you could not afford the cost of an attorney

1  to assist you on appeal, one would be appointed to represent

2  you in connection with the appeal.

3          Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Now, I've tried to go over with you the

6  jury trial rights that you have, the rights that you give up by

7  pleading guilty.

8          Have you understood all of the information that I have

9  given to you about those things?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you have any questions at this point

12  about anything that we have discussed?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Thank you.

15          Let me explain to you the maximum and the minimum

16  punishments that you're facing by pleading guilty to the crime

17  of production of child pornography as charged in Count 2.

18          That crime carries with it a mandatory minimum

19  sentence of 15 years in prison and a maximum sentence of up to

20  30 years in prison, a maximum fine of up to $250,000 or both

21  fine and imprisonment, and a term of supervised release

22  following the service of your period of imprisonment of no less

23  than five years and up to life.

24          Also, you'll be required to pay a mandatory special

25  assessment of $100 to the Crime Victims Fund.

1    Should it turn out that you are nonindigent, the law

2 does require the Court to impose an assessment of $5,000 for

3 each count up to a maximum of $50,000.

4    Now, in terms of prison time, what you're facing is,

5 by pleading guilty to Count 2, a maximum sentence of 30 years

6 in prison, but the Court must sentence you to at least 15 years

7 in prison.  So you're going to get a sentence of at least 15

8 years, up to a maximum of 30 years.

9    Do you think that you understand that?

10    THE DEFENDANT:  Yes, I do.

11    THE COURT:  Thank you.

12    Also, as a result of pleading guilty, as provided in

13 the plea agreement -- and we'll discuss it briefly in a few

14 moments' time -- you'll be forfeiting any right you have to the

15 two cell phones allegedly used in connection with the

16 commission of the crime, and also you may be required to pay

17 restitution.  That restitution would be to the child victim.

18    Now, restitution will be in an amount determined later

19 by the Court, but you may be required to pay restitution for

20 the crime you admit to.

21    Do you understand that?

22    THE DEFENDANT:  Yes, sir.  Oh, hang on.

23    MR. GRAEVE:  The lights went out.

24    THE DEFENDANT:  I'm still here.  The lights just went

25 out.

1    THE COURT:  I see you.  Thank you very much.

2    THE DEFENDANT:  You see me?  Okay.

3    I said "yes" on the restitution part for the victim.

4    THE COURT:  Thank you.

5    Now, let me ask Mr. Kerndt.  Did I accurately describe

6    the maximum punishment the defendant is facing, the mandatory

7    minimum punishment, and have I adequately covered forfeiture

8    and restitution to this point?

9    MR. KERNDT:  You have, Your Honor.

10   THE COURT:  Thank you.  There will be other

11   consequences to you, Mr. Raiburn, by pleading guilty to this

12   crime.  I can't tell you what they all are, but there's one in

13   particular I want to mention to you.

14   By pleading guilty to this crime, once you're released

15   from prison, you'll be required to register on the sex offender

16   registry.  That is covered in the terms of your plea agreement,

17   and I'll cover it in greater detail later, but it's important

18   that you realize that by pleading guilty to this particular

19   crime, you'll be required to register on the sex offender

20   registry after you're released from prison and to maintain that

21   registration as required by law.

22   Do you understand that?

23   THE DEFENDANT:  Yes, sir.

24   THE COURT:  Let me explain to you the sentencing

25   process in federal court.  I have already told you that if your

1  plea of guilty is accepted, you'll be sentenced by a district

2  judge, a different kind of judge than myself, at a sentencing

3  proceeding.

4        Now, you'll be there with your attorney, and the

5  attorney for the Government will be there, and both sides will

6  have an opportunity to offer evidence and argument as to what

7  sentence you should receive.

8        Now, in passing sentence on you, the judge is going to

9  first consider the advisory sentencing guidelines of the

10  United States Sentencing Commission.  These guidelines will

11  call for a recommended range of punishment for you based upon

12  certain factors that apply to you individually.  And some of

13  these are laid out in the plea agreement, which, again, I'll go

14  over with you in a few moments' time.

15        But the judge will consider those factors as they

16  apply to you and then will determine what the recommended range

17  of punishment for you is under the federal sentencing

18  guidelines.  The Court will carefully consider what the

19  sentencing guidelines call for, but the thing you need to know

20  is the judge does not have to follow the guidelines.  After

21  considering the guidelines and determining what the guidelines

22  recommend, the judge is going to then proceed to impose upon

23  you the sentence that the judge feels is reasonable up to the

24  maximum provided by law, which in your case would be 30 years

25  of imprisonment.

1          Now, sometimes the judge can what we call vary or

2     depart from what the guidelines call for; that is, give you a

3     sentence above what the guidelines call for or below what the

4     guidelines call for.  But it's all up to the judge.  You're

5     subject to being sentenced to the maximum term, if the judge

6     feels that that is reasonable, of up to 30 years.

7          You understand that, sir?

8          THE DEFENDANT:  Yes.

9          THE COURT:  The only thing the judge must do is give

10    you the mandatory minimum period of imprisonment of 15 years.

11         Understood?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Now, have you discussed what the federal

14    sentencing guidelines are and how they might apply to you under

15    various factors?  Have you discussed that with your attorney?

16         THE DEFENDANT:  Somewhat, yes.

17         THE COURT:  Well, as a result of that discussion, do

18    you think you understand what the federal sentencing guidelines

19    are and how they might apply to you?

20         THE DEFENDANT:  Yes.

21         THE COURT:  And, Mr. Graeve, let me ask you to confirm

22    that.  Have you had a full discussion with your client

23    concerning how the federal sentencing guidelines might apply to

24    him?

25         MR. GRAEVE:  Yes, Your Honor.

1    THE COURT:  And do you believe he understands how they

2    might apply and also what those sentencing guidelines are?

3    MR. GRAEVE:  Yes, Your Honor.

4    THE COURT:  Thank you very much.

5    I do want to stress, again, that the sentence that you

6    ultimately receive is within the discretion of the sentencing

7    judge, guided by, but not bound by, the guidelines, and the

8    judge may give you any sentence that the judge feels is

9    reasonable up to the maximum of 30 years, but the Court must

10   impose the minimum period of imprisonment of 15 years.

11   That's so important that you understand that,

12   Mr. Raiburn, I'll ask you one more time if you understand it.

13   Do you think you do?

14   THE DEFENDANT:  I do understand it, sir.

15   THE COURT:  Thank you very much.

16   Now, because everything about sentencing or much of

17   everything about sentencing is within the discretion of the

18   district judge, the judge will hear what the lawyers have to

19   say and what they recommend at the time of sentencing, but it's

20   all up to the judge.  The judge may or may not agree with

21   anything your attorney has to say or anything the attorney for

22   the Government has to say.  It's all up to the judge.

23   Also, before you are sentenced, a presentence report

24   will be prepared on you by a member of the probation office,

25   and that report will contain additional information, perhaps

not even known today, that may affect the sentence that you

ultimately receive.

Because the sentence you receive is solely within the

discretion of the sentencing judge and other factors may come

to light which will affect the sentence that you receive,

nobody can promise you as you sit here today what sentence

you're going to receive at the end of this process.

Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: It does sometimes happen to a person,

Mr. Raiburn, that they arrive at the time of sentencing and

they receive a sentence that they don't like and they are

disappointed by it.

If that should happen to you, you have to understand

you cannot try to turn the clock back and take away your plea

of guilty just because the judge gives you a sentence that you

do not like.

Do you think that you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You also need to know, sir, that there is

no parole in the federal criminal justice system. You're

subject to serving all of any period of imprisonment given to

you.

Now, sometimes a person can earn a small reduction in

the time spent in prison for what is called good behavior. But

1  that's not something the Court has anything to do with.  That's

2  up to prison officials.

3       Understood?

4       THE DEFENDANT:  Yes, sir.

5       THE COURT:  Now, you'll recall I told you that

6  following your release from prison you'll be required to serve

7  a term of supervised release of at least five years, and it may

8  be up to as long as the rest of your life.  Let me explain

9  briefly what supervised release is about.

10       Supervised release is a status in which, while you are

11  no longer in prison, you're released, you're out in the

12  community, but there's certain rules of conduct that you have

13  to follow, and your compliance with those rules will be

14  monitored by a United States Probation Officer.  And if you

15  violate the rules of your supervised release, you're subject to

16  being brought back into court and sentenced to an additional

17  period of imprisonment of up to three years without any credit

18  for the time you previously served.

19       Do you think you understand that?

20       THE DEFENDANT:  Yes, sir.

21       THE COURT:  Now, one of the rules of your supervised

22  release is going to be that you have to register on the sex

23  offender registry and maintain your registration as required by

24  law.

25       And if you violate -- if you fail to maintain your

registration, that would be a violation of the conditions of

your supervised release, which could land you back in prison.

Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  I've tried to explain to you the

sentencing process in federal court, the fact that the sentence

you receive is solely in the discretion of the sentencing

judge, guided by, but not bound by, the sentencing guidelines;

that you're subject to receiving any sentence that the judge

feels is reasonable up to the maximum 30 years provided by law;

that the only thing the judge must do is give you the mandatory

minimum period of imprisonment of 15 years.

We have talked about, again, the sentencing process,

we've talked about the fact there's no parole in the federal

criminal justice system, and I just visited with you about

supervised release.

Have you understood everything I've told you about

those things?

THE DEFENDANT:  Yes, sir.

THE COURT:  Any questions for me at this point about

anything that we've gone over?

THE DEFENDANT:  No, sir.

THE COURT:  Counsel, there is a plea agreement, which

I have here before me, and let me see.

The plea agreement appears to be signed by the

1  defendant as well as counsel.

2  Counsel, unless you urge me to do otherwise, I'm going

3  to order that the plea agreement be filed a public record with

4  the Court.

5  MR. KERNDT:  Your Honor, it has already been filed at

6  Docket 30 publicly, but we would appreciate further order.

7  THE COURT:  Well, I will confirm that that's what

8  we'll do, then.

9  Mr. Graeve, do you wish to be heard?

10  MR. GRAEVE:  No, Your Honor.

11  THE COURT:  All right.  Thank you.

12  I'm going to go over some of the terms of the plea

13  agreement with you, Mr. Raiburn.  Do you have a copy of it

14  there in front of you?

15  THE DEFENDANT:  Yes, I do.

16  THE COURT:  All right.

17  THE DEFENDANT:  Yes.

18  THE COURT:  I'm going to go over some of the terms of

19  the plea agreement with you, not all of them, but they all are

20  important, but there's some to which I want to direct your

21  particular attention.

22  First, in general, this is the kind of plea agreement

23  that gives the district judge -- the judge who will sentence

24  you -- the right to accept the plea agreement, reject the plea

25  agreement, or defer a decision whether to accept or reject the

1  plea agreement until the judge has had an opportunity to review

2  the presentence report that I told you the probation officer

3  will be preparing.

4        Understood?

5        THE DEFENDANT:  Yes.

6        THE COURT:  Let's go over to paragraph 8 of the plea

7  agreement.  It's on page 3.  It is entitled Elements Admitted,

8  and there are three subparagraphs under paragraph 8.  And what

9  these are, Mr. Raiburn, these are facts that you have admitted

10  are true with regard to your commission of the crime of

11  production of child pornography charged in Count 2.

12        Do you understand that you have admitted all of the

13  facts listed here in subparagraphs 8(1) through 8(3), that you

14  have admitted that all of these things are true?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Are they all true?  And if you want to

17  take another opportunity to review them, please take that

18  opportunity now.

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  They're all true?

21        THE DEFENDANT:  Yes.

22        THE COURT:  I'm required to ask you some questions now

23  about your involvement in the crime charged in Count 2.

24        The Child Victim No. 1 was 13 years of age in

25  August 2019 and resided in Des Moines.  Did you know that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And at the time you were 37 years of age

3     in August of last year, and you were residing in Durant,

4     Oklahoma.  Is that true?

5          THE DEFENDANT:  Correct.  Yes.

6          THE COURT:  Now, it's charged in subparagraph 2 that

7     on August 15, 2019, you knowingly employed and used Child

8     Victim No. 1 to engage in sexually explicit conduct with the

9     purpose of producing a visual depiction of such conduct.

10          Is that true?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Specifically, is it true that on

13    August 15, 2019, you communicated with the Child Victim No. 1

14    via a cellular telephone and you requested Child Victim No. 1

15    to take a selfie photo of her genitals; is that true?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And you asked her to send that photo to

18    you; is that true?

19          THE DEFENDANT:  Yes.

20          THE COURT:  The child victim took the photo and then

21    sent it to you over a text message, sent the image to you; is

22    that true?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And you agree that that -- I've told you

25    what the lascivious exhibition is.  Do you agree that that

1  photo depicted lascivious exhibition of the child's genitals?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Did you take that photo using -- or do you

4  know that the child took that photo using her cell phone?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you know that the child then sent the

7  photo to you, again, via text message?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And on August 15, 2019, you knew the child

10  victim was in Des Moines.  I think you've told me that; true?

11          THE DEFENDANT:  Yes, she was.

12          THE COURT:  And the child victim took the photo

13  utilizing an Alcatel cell phone, and that's a device that's not

14  manufactured in Iowa.

15          Do you know that to be true?

16          THE DEFENDANT:  Yes, I do.

17          THE COURT:  Now, as it relates to your receipt of the

18  transmission of the image, you used a Motorola Moto E5 Play,

19  Model XT1921-3, cell phone and your Samsung Galaxy S10, Model

20  SM-G973U, telephone to communicate with Child Victim No. 1 and

21  to receive the image of child pornography that I have described

22  previously.

23          Is all of that true?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Thank you.  Let's go over to paragraph 13

1    of the plea agreement on page 5.

2           Do you see it there?

3           THE DEFENDANT:  Yes.

4           THE COURT:  It's entitled Acceptance of

5    Responsibility.  In this paragraph the Government agrees to

6    recommend -- if you do your part under the plea agreement, they

7    agree to recommend that you receive credit for acceptance of

8    responsibility under the sentencing guidelines.

9           Now, that's a good thing for you.  That's a benefit

10   for you under the guidelines.  Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  That's something you would have discussed

13   with Mr. Graeve; correct?

14          THE DEFENDANT:  That is correct.

15          THE COURT:  Now, I want to stress that this is a

16   recommendation that the Government says it will make.  Like all

17   recommendations made to the sentencing judge, the judge does

18   not have to accept the recommendation, and if the judge does

19   not accept the recommendation, you cannot withdraw your plea of

20   guilty just for that reason.

21          Understood?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Also, the Government says if you engage in

24   certain conduct that is contrary to acceptance of

25   responsibility as described here in paragraph 13, the

Government can withdraw its promise to recommend that you

receive benefit for accepting responsibility.

Understood?

THE DEFENDANT:  Yes.

THE COURT:  Let's go over to page 7, subpart E, which

has to do with forfeiture, fines, costs, and restitution.

First, in paragraphs 19, 20, and 21, you have agreed

to forfeit those cell phones that you had and used in

connection with the crime, and you're going to cooperate in

that process and give up your right to those cell phones.

Understood?

THE DEFENDANT:  Yes.

THE COURT:  Also, if we go down to paragraph 24, that

has to do with restitution.  And you agree in this paragraph

that the Court should impose restitution for relevant conduct

related to the crime.  And it provides in here it's due and

payable immediately, or you'll have to enter into a payment

plan with the probation office.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Now let's go over to page 9, paragraph 27.

This has to do with sex offender registration.  Do you see it?

THE DEFENDANT:  Yes, I do.

THE COURT:  In this paragraph you understand that as a

result of pleading guilty, you're going to have to register as

1  a sex offender upon your release from prison.

2      Again, sir, do you understand that?

3      THE DEFENDANT:  Yes.

4      THE COURT:  In this paragraph you also acknowledge

5  that you'll be subject to federal and state sex offender

6  registration requirements and that they might apply for the

7  rest of your life.

8      Again, sir, do you understand that?

9      THE DEFENDANT:  Yes.

10      THE COURT:  In this paragraph you promise to keep your

11  registration current, to notify the sex offender registration

12  agency or agencies of any changes of your status or your

13  employment or residence and so forth.

14      But you've promised to keep your registration current.

15  Do you understand that?

16      THE DEFENDANT:  Yes.

17      THE COURT:  And you've also promised to follow

18  requirements that you verify the correctness of the information

19  on your registration.

20      Understood?

21      THE DEFENDANT:  Yes.

22      THE COURT:  And later on in the paragraph on page 10

23  you're told, which I've already told you, but we'll touch it

24  again, that compliance with the sex offender registration

25  requirements will be one of the rules of your supervised

1    release.

2          Understood?

3          THE DEFENDANT:  Yes.

4          THE COURT:  In paragraph 28 you're told that the

5    victim, Child Victim No. 1, or the parents or guardians of that

6    child are not parties to this plea agreement and this plea

7    agreement does absolve you of any claims that they may make

8    separately.

9          Understood?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Let's go to paragraph 30 on page 11.  Do

12    you see it there?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  This paragraph is entitled Waiver of

15    Appeal and Post-conviction Review.  Let me explain.

16         There are basically two parts to a federal

17    prosecution.  There is the conviction of the crime, the finding

18    that you're guilty of the crime that you commit, and then there

19    is the sentence that you receive.

20         In this paragraph you have completely given up your

21    right to appeal your conviction or to challenge your conviction

22    by various legal means that you might have.

23         In other words, you've given up your right to appeal

24    the fact that you are guilty of the crime that you admit to.

25    Do you understand that?

 1          THE DEFENDANT:  Yes.

 2          THE COURT:  But both you and the Government have

 3   reserved the right to appeal the sentence that you receive.

 4   You have reserved that right.

 5          Understood?

 6          THE DEFENDANT:  Yes.

 7          THE COURT:  If you go down a little further in this

 8   paragraph, you're told about what we refer to in the law as

 9   post-conviction proceedings.  Let me explain.

10          Sometimes after a case is all over and a person is

11   serving their time, they can come back into court and ask the

12   Court to review their conviction and sentence for certain legal

13   reasons.  That's called post-conviction review, and it's

14   through post-conviction proceedings, including a law that's

15   referenced in here, Section 2255.

16          Now, in this paragraph you have also given up your

17   right to seek post-conviction review of your conviction and

18   sentence.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you think you understand what

22   post-conviction review and post-conviction proceedings are?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Now, there are two exceptions to these

25   waivers.  They do not cover and you have not given up your

1  right to appeal or seek post-conviction relief based on grounds

2  of ineffective assistance of counsel or prosecutorial

3  misconduct.

4          But other than those two things, in this paragraph you

5  have completely given up your right to appeal your conviction

6  or to challenge your conviction by certain legal means and to

7  seek post-conviction review of your conviction and sentence.

8          Do you think you have a clear idea of the rights that

9  you've given up here in paragraph 30?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Thank you.

12         Mr. Kerndt, Mr. Graeve, are there any other terms of

13  the plea agreement that you would like me to specifically go

14  over with Mr. Raiburn?

15         MR. KERNDT:  Not on behalf of the Government,

16  Your Honor.

17         MR. GRAEVE:  No, Your Honor.

18         THE COURT:  Thank you.

19         Let me ask you, Mr. Kerndt.  You've heard me talk to

20  Mr. Raiburn about the factual basis for his plea and,

21  specifically, the facts identified in paragraph 8 of the plea

22  agreement.  Based upon my colloquy with Mr. Raiburn concerning

23  those matters, are you satisfied with the record on factual

24  basis?

25         MR. KERNDT:  I am, Your Honor.

1          THE COURT:  And let me ask you, Mr. Graeve.  Have you

2    had full access to the Government's discovery in this case?

3          MR. GRAEVE:  Yes, Your Honor.

4          THE COURT:  Based on your review of it, would it

5    establish a factual basis to believe that your client committed

6    the offense charged in Count 2 of the indictment?

7          MR. GRAEVE:  Yes, Your Honor.

8          THE COURT:  Thank you.

9          Mr. Raiburn, we're almost finished here, but I have a

10   few more final questions for you before we adjourn.

11          First, have any promises been made to you other than

12   those promises -- in order to get you to plead guilty other

13   than those promises specifically stated in the plea agreement?

14          THE DEFENDANT:  No, Your Honor.

15          THE COURT:  Has anybody promised you or told you what

16   your sentence will be?

17          THE DEFENDANT:  No.

18          THE COURT:  Has anybody threatened, forced, or

19   pressured you in any way to get you to plead guilty?

20          THE DEFENDANT:  No.

21          THE COURT:  Is your decision to plead guilty, then, a

22   decision that you have made voluntarily, of your own free will?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Counsel, any other matters you want me to

25   cover as part of this colloquy?

1    MR. KERNDT:  No, Your Honor.

2    MR. GRAEVE:  No, Your Honor.

3    THE COURT:  Thank you.

4    We have been over quite a bit, Mr. Raiburn.  Have you

5    understood all the questions I've asked you?

6    THE DEFENDANT:  Yes.

7    THE COURT:  Truthfully answered all of them?

8    THE DEFENDANT:  Yes, Your Honor.

9    THE COURT:  Understood all of the information I have

10   given to you?

11   THE DEFENDANT:  Yes.

12   THE COURT:  A final opportunity.  Do you have any

13   questions for me at this point about anything we have

14   discussed?

15   THE DEFENDANT:  No.

16   THE COURT:  After all we've gone through and

17   understanding the rights that you give up by pleading guilty

18   and the consequences of your plea of guilty, do you still want

19   to enter a plea of guilty to the charge against you in Count 2

20   of the indictment, production of child pornography?  Do you

21   still want to plead guilty?

22   THE DEFENDANT:  Yes.

23   THE COURT:  Are you going to plead guilty because you,

24   in fact, committed that crime?

25   THE DEFENDANT:  Yes.

1          THE COURT:  Sir, I'm now going to ask you -- I'm going

2     to go over the charge in Count 2.  I'll summarize it, and then

3     I'll ask you to enter a plea to it.

4          It is charged in Count 2 of the indictment that on or

5     about August 15, 2019, in this district and elsewhere, that you

6     knowingly employed, used, persuaded, induced, enticed, and

7     coerced a minor, that being Child Victim No. 1, to engage in

8     sexually explicit conduct for the purpose of producing a visual

9     depiction of such conduct, specifically a photographic selfie

10    image of Child Victim No. 1 engaging in sexually explicit

11    conduct.

12         It's further charged that you knew and had reason to

13    know that such visual depiction would be transmitted using a

14    means and facility of interstate commerce, specifically the

15    cellular telephone system.

16         It's further charged that the visual depiction was

17    produced and transmitted using materials that had been

18    transported in interstate commerce, specifically an Alcatel

19    cellular telephone, and that the visual depiction was actually

20    transmitted using a means and facility of interstate commerce,

21    specifically the cellular telephone system.

22         That is the charge charged against you in Count 2.

23    How do you plead to it?

24         THE DEFENDANT:  Guilty.

25         THE COURT:  Thank you.

1    Let the record reflect I find the defendant is fully

2 competent and capable of entering an informed plea of guilty.

3 I find his decision to plead guilty is voluntarily, knowingly,

4 and intelligently made and not the result of any force,

5 threats, or promises beyond those promises specifically stated

6 in the written plea agreement.

7    I find the defendant fully understands the charge to

8 which he has entered a plea of guilty.  I find there is a

9 factual basis for his plea of guilty.  I find the defendant

10 knows the maximum punishment that can be imposed upon him as a

11 result of his plea of guilty as well as the mandatory minimum

12 punishment that must be imposed.

13    I find the defendant understands his jury rights and

14 has voluntarily waived those rights.  I find the defendant

15 understands those terms of the plea agreement pertaining to the

16 waiver of his right to appeal or to seek post-conviction

17 review.

18    Therefore, I find that the defendant should be

19 adjudged guilty of the crime of production of child pornography

20 as charged in Count 2 of the indictment against him; that upon

21 his plea of guilty to the same and in violation of Title 18,

22 United States Code, Sections 2251(a) and 2251(e), I will report

23 and do hereby recommend that the defendant's plea of guilty be

24 accepted.

25    The record should reflect that in a few moments' time

1   in open court I'll provide a copy of the report and

2   recommendation to counsel and to the defendant.

3           The parties are advised that they have 14 days from

4   today's date to file any objections to the report and

5   recommendation.  If a party fails to file an objection, that

6   party will have waived the right to make any objections to the

7   report and recommendation.

8           The parties are notified that the assigned district

9   judge may accept or reject the report and recommendation, the

10  defendant's plea of guilty, and the plea agreement by entry of

11  a written order to that effect.  The assigned judge may also

12  defer acceptance of the plea agreement until after the judge

13  has received and reviewed the presentence report.

14          One final question for Counsel and for the defendant.

15  On behalf of the Government, Mr. Kerndt, has the Government

16  been satisfied with the taking of this plea proceeding by

17  electronic means?

18          MR. KERNDT:  Yes, Your Honor.

19          THE COURT:  Same question for you, Mr. Graeve.

20          MR. GRAEVE:  Yes, Your Honor.

21          THE COURT:  And let me ask you, Mr. Raiburn, are you

22  satisfied with the taking of this plea proceeding by electronic

23  means?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  And you have understood everything I have

1  told you today, and you've been able to see me except for that

2  little brief outage we had in the power?  But, other than that,

3  you've seen me and we've communicated and you've understood

4  everything I've told you over the TV system?

5          THE DEFENDANT:  Yes.  Everything worked fine.

6          THE COURT:  Thank you.

7          This case is assigned to District Judge Ebinger.  She

8  has told me that she intends to set a sentencing proceeding for

9  Mr. Raiburn for October 23, 2020, at 10 a.m.  Again, October

10  23, 2020, at 10 a.m. will be the sentencing date for Judge

11  Ebinger.

12          She will enter a separate order to that effect and

13  also orders concerning the scheduling of the Government's

14  offense conduct statement, status conference date, and

15  presentence investigation report deadlines.  All of that will

16  be coming from Judge Ebinger subsequently.

17          The defendant has previously been ordered detained,

18  and he will remain detained until the time of sentencing.

19          Mr. Kerndt, anything further in this matter at this

20  time?

21          MR. KERNDT:  No, Your Honor.

22          THE COURT:  Mr. Graeve, anything further from you?

23          MR. GRAEVE:  No, Your Honor.

24          THE COURT:  We'll adjourn these proceedings, then.

25          (The plea hearing concluded at 10:26 a.m.)

1                          CERTIFICATE

2              I, Chelsey Wheeler, a Certified Shorthand Reporter of

3    the State of Iowa and Federal Official Realtime Court Reporter

4    in and for the United States District Court for the Southern

5    District of Iowa, do hereby certify, pursuant to Title 28,

6    United States Code, Section 753, that the foregoing is a true

7    and correct transcript of the stenographically reported

8    proceedings held in the above-titled matter and that the

9    transcript page format is in conformance with the regulation of

10   the Judicial Conference of the United States.

11             DATED this 25th day of November, 2020.

12

13                     /s/*Chelsey Wheeler*

14                     Chelsey Wheeler
                       Certified Shorthand Reporter
15

16

17

18

19

20

21

22

23

24

25